We are now going to move to the fifth case of the morning. Case number 19-2138, Timothy B. O'Brien LLC v. David Knott. And we will hear first from Mr. Hanson. Good morning and may it please the court. This case is about a plaintiff who brought a frivolous claim. Frivolous, there is no other way to put it. In Apple Wellness, the plaintiff does not challenge the fact that the copyright allegations made were frivolous, baseless. But frivolousness is not required here. Section 505 of the Copyright Act has a broad and flexible allowance for the award of attorney fees. So why did the district court decline to award fees in light of the undisputed fact that the copyright claims were frivolous? The trial court's reason was that the copyright claims were not substantially litigated or played a minor role or were peripheral. But that reason, no fees if the claims were not substantially litigated, has been firmly rejected by this court numerous times. All that the court needs to do here is to apply its prior holdings. It's already the law that the amount of fees is separate from the question of whether fees should be awarded at all. This is the reason three separate Seventh Circuit cases, more actually, vacated the denial of any attorney fees. Budget Cinema, Klinger, Woodhaven Homes, all with district courts declining to award fees and with this court reversing because, for example, this is from Budget Cinema, it is certainly not proper to hold that a party involved in a minor copyright litigation has any less of an entitlement under Section 505 than a party involved in a protracted copyright litigation. In some, the district court was wrong to conclude that the likely small amount of attorney fees could be used to deny fees at all. To be clear, that is the core reason that the district court didn't award fees, and that reason is improper as a matter of law. That conclusion, that erroneous legal conclusion, means that there was an abuse of discretion. The Kurtzsang case holds that the factor of objective unreasonableness must be given substantial weight, but when the district court considered this factor, it dismissed it as follows. Although the copyright claims were baseless, Apple Wellness voluntarily dismissed those claims before the defendants were required to defend against them. That reason given is erroneous as a matter of law. That is the exact reason that Budget Cinema, Klinger, and all of the other cases say that you can't use. Instead of the district court giving substantial weight to the objective unreasonableness, frivolousness even, of the plaintiff's case, it rejected it for a reason that it clearly cannot as a matter of law. Kurtzsang is consistent with this court's precedent, providing additional exposition of the law regarding fees and fee awards when monetary stakes are small or when it's a defendant rather than a plaintiff that is seeking fees. Kurtzsang found it perfectly acceptable to add the gloss that objective reasonableness was to be given substantial weight, and it expressly left open, noted the open possibility of providing further guidance in the future in response to and grounded on the lower court's evolving experience. This is, of course, because like cases should be treated and decided alike. Defendants are in a similar sort of position as each other because they have no possibility of recovery. Klinger puts it that you have a spectrum of a toss-up case that the party winds up getting a big recovery, maybe an injunction, versus, on the other hand, a frivolous case and no recovery. This is on that other side of the spectrum. It is a frivolous case that the defendant won, and, of course, the defendant gets no recovery other than this possibility for attorney fees. They should be awarded, and like all of the other cases cited, this court should revamp and with instruction to award fees. The amounts to be awarded below would include answering the claims, affirmative defenses, researching the law, and investigating the facts. As you know, the copyright standard is substantial similarity of the underlying two stores at issue here, and, of course, the fee petition and appeal. It makes some sense for the court to lament, as it did in the beginning of the Woodhaven-Holmes case, that the case began as a minor or small copyright infringement dispute and mushroomed into a protracted fight over, what else, attorney fees. That's the court's language. Rather than getting too far into the specifics, it will be up to the district court to look at it and determine, for example, if the parties were engaged in settlement discussions, repeatedly warning the other side that what's happening is that we have an increasing amount of attorney fees being added in this last portion, litigation over the fee petition and this appeal. But all that this court needs to do is remand the district court for that determination in the first instance. Frivolousness and unreasonableness both go to embrace wellness in this case. The Fogarty factors, of course, begin with frivolousness and objective unreasonableness. Those are essentially the same or overlapping. Frivolousness is the extreme of an objectively unreasonable position. The Fogarty case court also adds a catch-all for the particular circumstances of a case, deterrence or general analysis. Deterrence in the Fogarty case actually refers to deter copyright infringement. Otherwise, the term is used sparingly in the decision. So that factor isn't terribly relevant here because no one needs to be deterred from infringing a copyright. In fact, there was no copyright in the claim that there was this frivolous. So that leaves the last point here, which is motivation. This court should address motivation in an objective way, just as it did in the Eagle Services case. There they said, quote, it is apparent that the suit was filed in order to cramp the style of a competitor and perhaps warn off any other employee of Eagle who might have had the temerity to set up competition with it. That's exactly what happened here. The Eagle Services drew the conclusion of almost certainly bad faith because A, the claim was frivolous, and B, the suit was by an established company against a new company founded by a former employee. Those are the exact same facts here. They have not started to embrace wellness after being an employee of Apple. Mr. Hanson, you're at two and a half minutes remaining. I believe that covers the scope of the claim, so I will rest and reserve the remainder of my time for rebuttal. Thank you. Thank you, Mr. Hanson. We're now going to move to Ms. Kramer on behalf of the Apple League. Ms. Kramer. Good morning. May it please the Court. I'm Jessica Kramer, and I represent the plaintiff's employee, Timothy B. O'Brien, also referred to as Apple Wellness in this case. This case is about whether the district court abused its discretion. It's a highly deferential standard of review and should not be upset in this case. The district court did not abuse its discretion and, to the contrary, exercised it carefully and thoughtfully. Embrace Wellness argues that the district court failed to apply the proper law. In reviewing the district court's decision, the district court explained the applicable law at least seven different times in its decision. Notably, it explained that a court has broad discretion whether to award attorney's fees to a prevailing party in a copyright case, that a district court may not award attorney's fees as a matter of course, that a district court must make a particularized case-by-case assessment in determining whether to award fees, that a district court must give substantial weight to the objective reasonableness of the losing party's position, that a district court must give due consideration to all other relevant circumstances, that there is a strong presumption in favor of awarding fees to a prevailing defendant, that the policy reason behind that presumption is to ensure that a defendant does not abandon a meritorious defense, and finally, the court noted that the Court of Appeals has not addressed yet whether the presumption is still valid in light of the U.S. Supreme Court's 2016 decision in Kurtzing, which seemed to call question on such presumption. Then, the district court went on to apply all of that law and gave at least six reasons why, in this case, the application of the law supported its conclusion that Embrace Wellness is not entitled to attorney's fees. First, that Apple Wellness's copyright claims were not actually litigated. None of the motions filed in the case related whatsoever to the copyright claims. Second, that the copyright claims played a minor role in the case, which was primarily about Apple Wellness's claims for trademark and trade dress, with the copyright claims only peripheral. That there was no evidence that Apple Wellness had any improper motives. That there was no need to deter future conduct here, as Apple Wellness is not a repeat filer or a copyright troll, and cannot raise the claims in a new suit because they were dismissed with prejudice. That Apple Wellness voluntarily dismissed its claims before Embrace Wellness was required to defend against them. And that the policy behind the presumption of awarding fees to a prevailing defendant was not present in this case. Embrace Wellness never had to defend the copyright claims. Embrace Wellness is asking this court to essentially throw out the line of cases that set forth the applicable principles of law that I just outlined and as the district court outlined. Notably, Fogarty, Kurtzing, and others. Embrace Wellness is asking that instead this court essentially completely remove the district court's discretion and set forth a bright line rule that a frivolous claim requires awarding attorney fees. At best, even if a district court must use discretion to determine frivolousness, a holding that requires attorney fees after determination of frivolousness would remove all other factors and completely changes the analysis from a case-by-case global analysis to a one-step test. That is simply not the law and holding as such would run afoul of the U.S. Supreme Court's decision in Kurtzing. There was much discussion in the brief and in Attorney Hanson's argument about the propriety of the district court here weighing the fact that the copyright claims were not litigated or were not substantially litigated. The key case that is cited for that proposition is Budget Cinema v. Water Tower Associates. It's true that in the Budget Cinema case, the Seventh Circuit noted that the fact that a party may be involved in minor copyright litigation does not make them any less entitled to fees than a party involved in protracted copyright litigation. It does not lead to the conclusion that the role the copyright claims played in the litigation here could not have been a factor in the district court's decision. Budget Cinema called it improper in that case, but that did not result in a holding that applies to all cases being determined under the Copyright Act that the role of the claims in the litigation or the extent of the litigation simply cannot be considered. Here, the role of the copyright claims in the litigation was not a factor that the district court invented and just decided to toss in. It spoke to one of the crucial elements in analyzing the claim for attorney fees and that is the policy behind the presumption of awarding fees to prevailing defendants. It's significant that in this case, the defendants did not have to abandon a meritorious defense because the case never got that far. The district court reasoned that there was therefore no need to give any more importance to that presumption than to any other factors because the facts just simply didn't call for it here. In other words, awarding Embrace Wellness fees does not support the public policy of encouraging a defendant in Embrace Wellness' shoes to not abandon a meritorious defense. I know that's kind of a double negative, but it's tracking the principle of law that we don't want defendants in copyright cases to abandon a meritorious defense. The district court's decision did not run afoul of that policy here. It found that since no meritorious defense even had to be litigated because Apple Wellness voluntarily withdrew its claims with prejudice, that that presumption didn't come into play. Ms. Kramer, you've got about two and a half minutes left. Thank you. Doesn't your position also ignore the fact that the district court found that Apple Wellness did not have an improper motive? In fact, they're not a frequent litigator in this area. Yes, that's right. That was a factor in the district court's analysis and appropriately so because it is one of the factors in the sovereignty line of cases. Attorney Henson will have the court find that the factors of frivolousness and reasonableness of the losing party's position are all that matters and are far more important and can essentially do away with the factors of motivation and deterrence. When in fact, the only factor that the line of case law surrounding this issue indicates must be given more weight or more importance is the objective reasonableness of the losing party's position. Now, again, that means giving it more weight, not giving it sole weight, not saying, okay, well, we start with objective reasonableness and if the party loses on that, then we don't need to go any further. None of the case law cited in the brief or that I believe is available here says that. Just because you have multiple factors and one has to be given more weight doesn't mean that the other factors can't outweigh that. And that's exactly what happened here. The district court simply found that there were enough factors to outweigh the substantial weight of the objective reasonableness of the losing party's position. And also, the district court early on in its decision when it explained the procedural posture that brought us to that point, it said, and this is at page two of its decision, because defendants had to defend against Apple Wellness's motion for preliminary injunction, the court required Apple Wellness to either accept dismissal with prejudice or withdraw its motion. I think it's significant that the court noted that the whole reason the dismissal was with prejudice is because defendants had to defend against the motion for preliminary injunction, which had nothing to do with the copyright claim. So I think it's reasonable to infer from that that had there not been any motion for preliminary injunction or any motion practice that had to be defended against, Apple Wellness would have been able to withdraw its claims without prejudice, which really would have changed the attorney's analysis. So effectively, again, that circles back to the district court placing emphasis on the fact that the copyright claims weren't litigated, that essentially it's like it was a dismissal without prejudice of those claims. I mean, that's not the way it works. They were all dismissed with prejudice. But the with prejudice was required simply because of the litigation of the preliminary injunction. Ms. Kramer, you're at your 10 minutes. Thank you. Thank you. I'll turn back now to Mr. Hanson. You've got two minutes and 15 seconds remaining. Thank you. Regarding the dismissal without prejudice, the briefing below was that if a dismissal was without prejudice, then attorney fees would be granted and the plaintiff, Apple Wellness, was given the opportunity to have dismissal with prejudice and still have the motion practice with respect to attorney fees. That's irrelevant in this case because it's actually more presumptive of fees. The district court here didn't say and didn't state the law properly. Judge Peterson didn't say you can't use not potentially litigated against a victorious defendant. In fact, Judge Peterson said the opposite. He made that error of law. Again, I hear something about this highly deferential standard. That's the standard for determining the amount of fees, not if fees are to be awarded. That's the case in Budget Cinema and Clinger and Woodhaven Homes, Eagle Services. This court is quick to reverse and remand when you need to determine if this court can determine that fees should be awarded. Does it serve the purposes of the Copyright Act to award fees in response to frivolous copyright claims? I think the answer is yes. What standard should a person be held to before filing a frivolous claim against a former employee turned competitor? I think Eagle Services is pretty clear that the court can and should infer at least likely bad faith. The Kerstang court said that you need to give substantial weight to the objective reasonableness or unreasonableness of a claim. Here we have a frivolous copyright claim. There's just no other way to slice it. What justifies affluent filing in this case? If you have a frivolous case, you need to show something significant in response. In the district court, all he said, the only reason why he gave to move beyond it, the only time he used the word baseless in his decision was, okay, even though it's baseless, it wasn't substantially litigated. But that's the reason that he can't give. That's the error of law, and that's why this court should reverse and remand. Thank you, Mr. Hanson, and thank you, Ms. Kramer. The case will be taken under advisement.